## STEPHENS *v.* STEPHENS.

Opinion delivered April 15, 1899.

EVIDENCE—PURPOSE FOR WHICH MORTGAGE WAS EXECUTED.—Where, to rebut the defense of payment in a suit on a note, the plaintiff introduced in evidence a mortgage given to secure the note, which was executed at

the same time the payment was alleged to have been made, it was competent for the defense to prove that the mortgage was given, not for the purpose of securing the note, but for the fraudulent purpose of covering up property. (Page 358.)

Appeal from Jackson Circuit Court.

RICHARD H. POWELL, Judge.

*J. M. Bell, Jos. W. Phillips* and *S. D. Campbell*, for appellant.

It was error to allow appellee to introduce the trust deed as evidence. 61 Ark. 119. The court erred in its instructions to the jury. 57 Ark. 520; 24 Ark. 251.

*W. S. Brown* and *J. W. Butler*, for appellee.

The trust deed was competent as evidence, and the instruction touching it was correct

WOOD, J. Appellee sued M. M. Stuckey, as administrator of the estate of G. K. Stephens, deceased, on the following promissory note:

"$5,000. Newport, Arkansas, January 6, 1891. One day after date, for value received, I, we, or either of us, promise to pay to the order of T. S. Stephens five thousand dollars, at the Jackson County Savings Bank, Newport, Arkansas, with interest at the rate of eight per cent. per annum until paid. The makers and indorsers of this note hereby severally waive presentment of payment, notice of non-payment and protest. [Signed] G. K. Stephens." Indorsed: "T. S. Stephens." "Credit by rent November 1, 1895, $260." "Credit by rent November 1, 1896, $60.26."

The complaint averred the presentment of the claim above, verified, to such administrator for allowance, and the disallowance of said claim. M. M. Stuckey, administrator, answered that his intestate during his lifetime, together with intestate's wife, on July 8, 1895, had conveyed, by their warranty deed, certain lands to Mary Emma Stephens, wife of plaintiff, which deed was delivered to plaintiff, and by him received in full accord and satisfaction of said note, and exhibited a copy of said deed with his answer. M. M. Stuckey resigned his administration. Isaac W. Stephens, appellant herein, was duly appointed,

and he qualified as administrator in succession, and upon his appearance this cause proceeded to trial before a jury on the issue made by the pleadings. Verdict and judgment for appellee, and this appeal duly prosecuted.

It is contended that the verdict was contrary to the evidence. The evidence on behalf of appellant tended to show that on July 8, 1895, a deed was executed by G. K. Stephens to Mary Emma Stephens, wife of T. S. Stephens, conveying to her, in consideration of the $5,000 note held by T. S. Stephens, certain lands; that said deed was thus made at the request of T. S. Stephens, and in satisfaction of the note of George K. Stephens. There was evidence on behalf of the appellee which tended to show that the note in suit had not been paid or satisfied. The verdict of the jury therefore would be conclusive of the controverted question of fact. It is also contended that the court erred in allowing the record of a certain mortgage or deed of trust to be read as evidence. It was shown that a mortgage or deed of trust was written at the same sitting and by the same person who wrote the deed which it was alleged was made in satisfaction of the note sued on. This mortgage or deed of trust purported to convey certain lands mentioned to secure the note in suit. The witness who testified to the above was proceeding to testify that there was no real consideration in fact for the mortgage or deed of trust, but that it was given for the real purpose of placing the lands of Geo. K. Stephens where they could not be reached by a suit against him as surety on the bond of one Hobgood. Appellee objected to this testimony as tending to show "that Geo. K. Stephens was engaged in a fraudulent transaction, which he could not claim in this proceeding," and the court sustained the objection. Appellee, over the objection of appellant, was allowed to read the record of this deed of trust to the jury. The court, also over appellant's objection, gave the following instruction: "The jury is instructed that if they find the deed of trust of date July 8, 1895, was executed for the purpose of hindering and delaying creditors, only creditors could uncover the property and set aside the conveyance. As between the parties, if they so find, the conveyance cannot be disturbed, and is binding."

This was not a suit to foreclose the deed of trust. But,

upon the theory that the deed of trust was given in good faith to secure the note of $5,000, appellee would have the right to read it in evidence, whether he were seeking foreclosure or not, for the purpose merely of showing that it had not been satisfied. This would be an evidentiary fact, tending to show that the note had not been paid. But, on the other hand, if the mortgage was not given to secure the note, but only for the purpose of covering up the property of G. K. Stephens, then the fact of the mortgage being unsatisfied would not tend to prove that the $5,000 note was still unpaid, and the court should have permitted the testimony of appellant tending to show that the purpose of the deed of trust was only to cover up the property of G. K. Stephens. Exception, however, was not taken by the appellant to the ruling of the court excluding the testimony offered to this end. But he did except to the giving of the instruction of the court, which practically raised the same question. For the instruction was in keeping with the view the court seems to have entertained in excluding the testimony of appellant tending to show that the purpose of the deed of trust was simply to cover up the land of G. K. Stephens. The court, in other words, by excluding this evidence and by giving the instruction, in effect said to the jury that the deed of trust was good for the purpose of showing that the note of $5,000 had not been paid, which would be true only in case the deed of trust was given in good faith to secure the note of $5,000; but if it was given merely as a fraudulent scheme to cover property, then it would be no evidence whatever in this proceeding that the note of $5,000 had not been paid, as alleged in the answer and shown by the evidence on the part of the appellant.

For the error of the court in giving the instruction *supra*, the judgment is reversed, and the cause is remanded for new trial.